08-1100-ag
Yang v. Holder

BIA
Burr, IJ
A096 401 441

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 17th day of September, two thousand ten.

PRESENT:
        GUIDO CALABRESI,
        ROBERT A. KATZMANN,
        REENA RAGGI,
                *Circuit Judges.*

_____

YU FANG YANG,
                *Petitioner,*

        v.                                        08-1100-ag

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*
_____

FOR PETITIONER:        Feng Li, Law Office of Fengling Liu,
                       New York, N.Y.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; Linda S. Wernery, Assistant
                       Director; Erica B. Miles, Attorney,
                       Office of Immigration Litigation,
                       United States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Yu Fang Yang, a native and citizen of the People's Republic of China, seeks review of a February 7, 2008, order of the BIA, affirming the March 28, 2006, decision of Immigration Judge ("IJ") Sarah M. Burr, which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture. *In re Yu Fang Yang*, No. A096 401 441 (B.I.A. Feb. 7, 2008), *aff'g* No. A096 401 441 (Immig. Ct. N.Y. City Mar. 28, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Where, as here, the BIA agreed with the IJ's conclusion that Yang was not credible and emphasized particular aspects of the IJ's decision, we review both the BIA's and the IJ's opinions. *See Ming Xia Chen v. BIA*, 435 F.3d 141, 144 (2d Cir. 2006). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, upholding them if they are supported by "reasonable, substantial and probative evidence

in the record." *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009) (internal quotation marks omitted); *see* 8 U.S.C. § 1252(b)(4)(B). Under the REAL ID Act, which applies in this case, "an IJ may rely on *any* inconsistency or omission in making an adverse credibility determination as long as the 'totality of the circumstances' establishes that an asylum applicant is not credible." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008).

Analyzed under the REAL ID Act, the agency's adverse credibility determination is supported by substantial evidence. In finding Yang not credible, the agency reasonably relied on the fact that she admitted before the IJ that she lied under oath during her airport and credible fear interviews, giving an entirely different account of her persecution than the account she presented to the IJ. "The INS may rely on airport statements in judging an asylum applicant's credibility if the record of the interview indicates that it presents an accurate record of the alien's statements, and that it was not conducted under coercive or misleading circumstances." *Ramsameachire v. Ashcroft*, 357 F.3d 169, 179-81 (2d Cir. 2004)

Here, the IJ adequately assessed the probative value of

3

the credible fear interview, in particular noting that it was conducted under oath six days after Yang arrived, was preceded by a full explanation of the purpose of the interview, and gave her ample opportunity to explain why she came to the United States. Accordingly, the agency did not err in relying on the airport and credible fear interviews in concluding that Yang's testimony was not credible. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 398 (2d Cir. 2005) (holding that where a petitioner provides two entirely different accounts of persecution, an IJ must "rely on the commonsense observation that it is inconsistent for a petitioner to respond to the same question about the nature of [her] asylum claim with two entirely different responses").

Before the IJ, Yang explained that she lied during her airport and credible fear interviews because the smuggler instructed her to do so. Although Yang provided this explanation, having assessed the probative value of the credible fear interview, the IJ did not err in finding this explanation inadequate. *See Yun-Zui Guan*, 432 F.3d at 396, 397 n.6, 399 n.8 (holding that so long as the IJ acknowledges and evaluates the petitioner's explanation for

4

the inconsistency, the IJ may rely on the airport interview in making an adverse credibility finding); *Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) (holding that a petitioner must do more than offer a plausible explanation for her inconsistent statements to secure relief; she "must demonstrate that a reasonable fact-finder would be *compelled* to credit [her] testimony") (internal quotation marks omitted).

Because the agency's adverse credibility determination, based on Yang's admission that she lied during her airport and credible fear interviews, was not in error, we need not reach the balance of the IJ's credibility findings. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 339 (2d Cir. 2006). Further, because the agency's adverse credibility determination is supported by substantial evidence, Yang did not establish that she suffered past persecution, and is not entitled to a rebuttable presumption of future persecution. *See* 8 C.F.R. §§ 208.13(b)(1), 1208.16(b)(1). As Yang's application for asylum and withholding of removal shared the same factual predicate, the agency's adverse credibility determination was fatal to both of those claims as well. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6